**FILED**
**Mar 09, 2021**
**02:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| **TRACY WRIGHT,** | ) | **Docket No. 2019-04-0270** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 66044-2020** |
| **JOSHUA COOPER, d/b/a** | ) | |
| **J&K IMPROVEMENTS,** | ) | **Judge Robert Durham** |
| **Uninsured Employer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS
### (Decision on the Record)

---

This case came before the Court for an expedited hearing. After the parties' agreement to accept a decision on the record, the Court issued a Docketing Notice that required responses by March 4. The issues are whether Mr. Wright provided sufficient evidence to establish a compensation rate for entitlement to temporary total disability benefits and whether Mr. Cooper's wife, Kylie Cooper, is a partner in J&K Improvements, and thus also liable to Mr. Wright. The Court holds that the evidence supports an award of temporary disability at a compensation rate of $419.91, but only from August 29 through October 8, 2020. Further, the proof does not establish Mrs. Cooper's liability to Mr. Wright for workers' compensation benefits.

## History of Claim

The Court previously held an expedited hearing on January 19, 2021, to determine whether Mr. Cooper is obligated to provide Mr. Wright medical and temporary disability benefits for a work-related left-foot fracture. The evidence presented at that hearing, as well as the Court's findings, are incorporated by reference.

During that hearing, Mr. Cooper testified that as the sole proprietor of J&K Improvements, Mrs. Cooper did not have any ownership. Mr. Wright did not object to this representation or provide any evidence to the contrary. Further, the Uninsured Employer Investigation Report did not identify Mrs. Cooper as Mr. Cooper's partner in J&K Improvements.

As for temporary disability benefits, Mr. Wright provided medical evidence establishing his total disability from August 29 through October 8; that J&K paid him $16.00 an hour, which was paid at the end of each project; and that he worked "almost every day." However, he did not provide any evidence regarding the actual days he worked or the specific amounts J& K Improvements paid.

After the January 19 hearing, the Court held Mr. Wright established he is likely to prove that he was Mr. Cooper's employee when he was injured on August 28, 2020, thus making Mr. Cooper liable for benefits. The Court also held that Mr. Wright is likely to prove entitlement to payment of reasonable and necessary medical expenses causally related to his fracture and entitlement to temporary total disability from August 29 through October 8. However, he did not provide sufficient evidence to determine his compensation rate. Finally, the Court found that Mr. Wright is eligible to receive benefits from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801.

After receiving the Court's order, Mr. Wright filed another Request for Expedited Hearing. He attached a Tennessee Rules of Civil Procedure Rule 72 Statement in which he asserted that when he was hired on May 18, 2020, he worked forty hours per week for two weeks at $14.00 per hour, and at the end of May, Mr. Cooper raised his pay to $16.00 per hour. The only additional evidence that Mr. Wright provided as to his actual pay or the hours he worked while employed by Mr. Cooper was indirectly when he calculated his "lost wages" from his injury through January based on a forty-hour workweek.

As for Mrs. Cooper, Mr. Wright added her as an employer at the top of the Request for Expedited Hearing and asserted in his Rule 72 Statement that Mr. Cooper hired him for "his [sic] and his wife's business, J&K Improvements." He went on to say that "the Coopers" agreed to pay him $16.00 per hour, and he made multiple references to working for "the Coopers."

Mr. Cooper did not provide any evidence in response to the request for expedited hearing.

**Findings of Fact and Conclusions of Law**

Mr. Wright bears the burden of presenting sufficient evidence to show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-207(1)(a) sets out that temporary total disability benefits are based on two thirds of the injured employee's average weekly

2

wage. The Court finds the undisputed evidence shows that Mr. Wright is likely to prove he worked forty hours per week during his employment with Mr. Cooper. He worked from May 18 through May 31 at $14.00 per hour and from June 1 until August 28 at $16.00 per hour. Based on this finding, the Court calculates Mr. Wright's average weekly wage to be $629.86, and two-thirds of this amount leads to a compensation rate of $419.91.

However, to receive temporary total disability benefits, Mr. Wright must also show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). While medical proof is not an "absolute prerequisite" to receiving temporary disability benefits, any award must be consistent with the medical evidence. *Austin v. Genlyte Thomas Grp., LLC*, No. M2009-01601-WC-R3-WC, 2010 Tenn. LEXIS 652, at *10,11 (Tenn. Workers' Comp. Panel July 12, 2010).

Previously, the Court found Mr. Wright was entitled to temporary total disability benefits from August 29 through October 8. While Mr. Wright alleged that he did not work from August 29 through February 2, 2021, the Court holds that his allegation without medical proof is insufficient to show he is likely to prove at trial that his inability to work extended beyond October 8. Thus, the Court holds that Mr. Cooper must pay temporary total disability benefits from August 29 through October 8, 2020, at a compensation rate of $419.91 for a total of $2,459.47. Mr. Wright's claim for additional temporary disability benefits is denied at this time.

Regarding Mr. Wright's assertion that Mrs. Cooper was a partner in J&K Improvements and thus was also his employer, the Court holds the scant evidence he provided is insufficient to overcome Mr. Cooper's assertions to the Court and to the Uninsured Employer's Fund investigator that he was the business's sole proprietor. As a result, the Court holds at this time that Mrs. Cooper was not Mr. Wright's employer.

IT IS, THEREFORE, ORDERED that:

1. Mr. Cooper shall pay Mr. Wright temporary total disability benefits in the amount of $2,459.47.

2. Mr. Wright is eligible to receive an award from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801 for the past temporary total disability benefits owed by Mr. Cooper based on the Court's holding set out in its previous Expedited Hearing Order. Mr. Wright may request this award using the attached form.

3

3. Mr. Cooper remains obligated to pay Mr. Wright's past and future expenses for the reasonable and necessary treatment of his work-related injuries, and Mr. Wright remains eligible to receive reimbursement from the Uninsured Employer's Fund for expenses from providers identified in the previous Expedited Hearing Order.

4. Mrs. Cooper retains no liability for Mr. Wright's claim at this time.

5. This case is set for a Scheduling Hearing on **April 15, 2021, at 1:30 p.m. Central Time**.  The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate.  Failure to call may result in a determination of the issues without your further participation.

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.  For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 9, 2021.**

_____
**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Request for Investigation Report
2. Dr. Simpson's Report
3. Prescription receipts and medical bills
4. Additional prescription receipts and medical bills
5. J&K Improvements Commercial Liability Policy
6. Expedited Hearing Order dated January 29, 2021
7. Mr. Wright's T.R.C.P. Rule 72 Statement

Technical Record:

1. Petition for Benefit Determination
2. Expedited Request for Investigation
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Second Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 9, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Tracy Wright | X | | X | 123 Stone Avenue, Apt. 2 Crossville, TN 3855 wrightnormantracy@gmail.com |
| Joshua Cooper | X | | X | 150 Grandview Drive, Crossville, TN 38555 Jkimprovements20@gmail.com |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on _____   ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.


_____
*[Signature of appellant or attorney for appellant]*